Roemer v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:
            JOHN M. WALKER, JR.,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
            TIMOTHY C. STANCEU,*
                    *Judge.*

_____

DAVID K. ROEMER,

            *Plaintiff-Appellant*,

            v.                                                     20-127-cv

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

PRESIDENT JERMAINE F. WILLIAMS, OF
NASSAU COMMUNITY COLLEGE,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: DAVID K. ROEMER, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE: ROBERT F. VAN DER WAAG, Appeals Bureau Chief, Deputy County Attorney, *on behalf of* Jared A. Kasschau, Nassau County Attorney, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant David K. Roemer, proceeding pro se, appeals from the January 9, 2020 judgment of the District Court (Kuntz, J.) dismissing his First Amendment claims against the President of Nassau Community College, Jermaine F. Williams. The District Court dismissed the complaint for lack of

jurisdiction, holding that Roemer lacked constitutional standing to bring suit because he failed to allege that he suffered an injury in fact.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

"Where a district court dismisses an action for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo."   Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quotation marks omitted).   A case is properly dismissed for lack of subject matter jurisdiction where a court "lacks the statutory or constitutional power to adjudicate it, . . . such as when (as in the case at bar) the plaintiff lacks constitutional standing to bring the action."   Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l., 790 F.3d 411, 417 (2d Cir. 2015) (quotation marks omitted).   To establish standing, a plaintiff must allege, among other things, that he has experienced "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical."   Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (quotation marks omitted).

As the District Court correctly determined, Roemer's complaint lacked any allegations that he had suffered an injury in fact. Instead, Roemer's complaint was based entirely on the refusal of Nassau Community College to distribute to a climatology class a document that he authored explaining his view that climate change is a hoax. But Roemer has never explained why he had any legal right to have the document distributed. See Raines v. Byrd, 521 U.S. 811, 819 (1997) ("[T]he alleged injury must be legally and judicially cognizable."). Indeed, on appeal Roemer acknowledges that (1) he is "not claiming [he] ha[s] been harmed in any way" and (2) his First Amendment claim is based "on a hypothetical sequence of events." Appellant's Br. 7. Roemer has thus failed to claim "an invasion of a legally protected interest" that is "actual or imminent," rather than hypothetical. See Lujan, 504 U.S. at 560.

We have considered all of Roemer's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4